IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CREELY, | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-2080 |
| | : | |
| CRESTVIEW CENTER | : | |

**SURRICK, J.**                                                                                                        **SEPTEMBER 7, 2005**

## MEMORANDUM & ORDER

Presently before the Court are Defendant Crestview Center's Motion to Dismiss (Doc. No. 3) and Plaintiff Robert Creely's Response (Doc. No. 4). For the following reasons, Defendant's Motion will be granted.

**I.  FACTUAL BACKGROUND**

Plaintiff filed the instant Complaint on May 3, 2005. (Doc. No. 1.) The Complaint is identical to the Complaint filed by Plaintiff on February 18, 2004, under Docket Number 04-CV-0679, except that the Defendant here is Crestview Center while the Defendant in Docket No. 04-CV-0679 is Genesis Health Ventures, Inc. (*Compare* Doc. No. 1, 04-CV-2080 *with* Doc. No. 1, 04-CV-0679.)[1] In Creely I, we granted summary judgment in favor of the Defendant on May 26, 2005. *Creely v. Genesis Health Ventures, Inc.*, Civ. A. No. 04-CV-0679, 2005 U.S. Dist. LEXIS 10223 (E.D. Pa. May 26, 2005).

Both cases arise out of the same job interview. Plaintiff, a Caucasian, contends that he

---

[1]As the parties do in their submissions, we will refer to *Creely v. Genesis Health Ventures, Inc.*, 04-CV-0679, as Creely I and *Creely v. Crestview Center*, 04-CV-2080, as Creely II.

was subjected to race discrimination in the interview process.  (Doc. No. 1.)  Plaintiff asserts that on May 15, 2003, he submitted an employment application to Defendant's Crestview facility.  (*Id*. ¶ 17.)  Plaintiff claims that he was discriminated against by his interviewer, Marvin Kirkland, who is African-American.  (*Id*. ¶¶ 19-20.)  In our Memorandum and Order granting summary judgment, we found that Defendant had legitimate nondiscriminatory reasons for choosing not to hire Plaintiff.  *Creely I*, 2005 U.S. Dist. LEXIS 10223, at *26.

Defendant brings this Motion to Dismiss arguing that Plaintiff's Complaint in Creely II must be dismissed on grounds of res judicata.  (Doc. No. 3 at 2.)  Plaintiff does not dispute that his Complaint should be dismissed.  (Doc. No. 4 at 2.)  Rather, Plaintiff argues that his Complaint should not be dismissed based upon res judicata, but rather that summary judgment should be granted pursuant to Federal Rule of Civil Procedure 56 based upon our decision in Creely I.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim.  The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or to decide the merits of the case.  *NWJ Prop. Mgmt., LLC v. BACC Builders, Inc.,* No. 04-1943, 2004 WL 2095446, at *1 (E.D. Pa. Sept. 17, 2004); *Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp. 2d 42, 53 (D. Del. 2002).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In evaluating a motion to dismiss, all allegations in the complaint and all reasonable

inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the nonmoving party. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989) (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985)). The court may dismiss a complaint, "'only if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swin Resource Sys., Inc. v. Lycoming County*, 883 F.2d 245, 247 (3d Cir. 1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### III. DISCUSSION

Plaintiff asserts that "[t]he only appropriate way to dispose of the underlying case is on summary judgment . . . grounds based specifically on the ruling in *Creely v. Genesis Health Ventures, Inc.*, so that both matters can be consolidated on appeal." (Doc. No. 4 at 3.) Defendant argues that Plaintiff's Complaint should be dismissed based upon res judicata. (Doc. No. 3 at 2.)

The three-prong test for the application of res judicata requires: "(1) a final judgment in a court of competent jurisdiction in the earlier case; (2) the assertion of the same cause of action in the two cases at issue, and (3) the presence of the same parties or their privies in both lawsuits." *Avins v. Moll*, 610 F. Supp. 308, 316 (E.D. Pa. 1984). Plaintiff does not dispute that Defendant can satisfy the first two prongs. (Doc. No. 4 at 5.) Plaintiff does dispute, however, whether Defendant can satisfy the third element.

The Third Circuit discussed the concept of privity in the context of res judicata in the case of *Bruszewski v. United States*, 181 F.2d 419 (3d Cir. 1950). In *Bruszewski*, the court significantly broadened the availability of res judicata to persons who were not necessarily parties to or in "privity" with parties in the earlier case. The court stated that:

> [w]here the party to be bound in the second proceeding is different from the party against whom the original adjudication was made, a close relationship between them is a requirement of fairness and may be necessary to provide due process of law. . . . [W]here . . . res judicata is invoked against a plaintiff who has twice asserted essentially the same claim against different defendants, courts have . . . enlarged the area of res judicata beyond any definable categories of privity between the defendants.

*Id.* at 422.

> [T]he question of who is concluded by a judgment has been obscured by the use of the words "privity" and "privies," which in their precise . . . meaning in law are scarcely determinative always of who is and who is not bound by a judgment. Courts have striven sometimes to give effect to the general doctrine that a judgment is only binding between parties and privies by extending the significance of the word "privies" to include relationships not originally embraced in it, whereas the true reason for holding the issues res judicata does not necessarily depend upon privity, but on the policy of the law to end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into controversy.

*Id*. at 422 n.6. Case law suggests that the concept of privity encompasses situations where one defendant participates in and controls the lawsuit at issue. *See Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405-06 (9th Cir. 1993). Where "the same plaintiff sues in multiple suits on identical causes of action, defendants in the later suits who were not named as defendants in the earlier suits are entitled to the benefit of res judicata so long as there is a close or particular relationship with the defendants in the earlier suit." *Avins*, 610 F. Supp. at 316 (citing *Bruszewski*, 181 F.2d at 422). In *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972), the Third Circuit affirmed *Bruszewski* stating that res judicata applies "where there is a close or significant relationship between successive defendants." *Id.* at 841. The court observed that "Judge Hastie, the author of [the *Bruszewski*] opinion, has stated, [i]t was our view in *Bruszewski* . . . that . . . a party who as plaintiff had asserted a claim and had lost should not be heard again on the merits of that claim

4

even in a second suit which he thereafter has instituted against a stranger to the original claim." *Id*. at 840 (quoting *Nickerson v. Kutchera*, 419 F.2d 983, 985 (3d Cir. 1969) (Hastie, J. dissenting)).

In this case, the Crestview Center is a subsidiary of Genesis Health Ventures, Inc. Another matter that is presently pending before us, *Waters v. Genesis Health Ventures, Inc*., No. 03-CV-2909, involves the same Defendant and the same attorneys for Plaintiff and Defendant. In that matter, the issue of the relationship between the Crestview Center and Genesis Health Ventures, Inc. was brought to this Court's attention when on September 3, 2004, Plaintiff's counsel filed a Motion to Amend Caption. (Doc. No. 47, 03-CV-2909.) In that motion, counsel stated "it should be noted that Defendant's counsel has already specifically referred to the parties Plaintiff[] wishes to add [Crestview Center] as 'successors' in phone conversations and correspondence." (*Id*. at 6.) Counsel explained:

> [T]here was no sale of Defendant. Rather, ownership stayed exactly the same and for tactical reasons Defendant changed its name and began operating its previous operations under two additional and independent identities. Not only was there no sale of any assets, no change in directors, no change in management, no change in subsidiaries, and no change in the line of business (operating nursing homes), but the stock of Defendant remained the same.

(*Id*. at 7.) Counsel further explained, "Plaintiff originally filed a Complaint in this Matter naming Genesis Health Ventures, Inc. as a Defendant. This was because it was common knowledge to all employees of the Crestview North Nursing Home . . . that Genesis Health Ventures, Inc. owned Crestview." (*Id*. at 8.) Finally, counsel argued, "Defendant's subsidiary . . . has complete commonality of interests." (*Id*. at 14.) It is apparent that at that time, Plaintiff's counsel agreed with Defendant's counsel that the Crestview Center and Genesis Health Ventures

had the "close or significant relationship" required by *Bruszewski* and *Gambocz*.[2]

Under the circumstances, we are compelled to conclude that the Crestview Center and Genesis Health Ventures, Inc. have the close and significant relationship necessary in order to be in privity with each other for the purposes of res judicata. Throughout the proceedings in Creely I, Creely II, and *Waters v. Genesis Health Ventures, Inc.*, it has been clear that regardless of whether Defendant describes itself as the Crestview Center or Genesis Health Ventures, Inc., the same party was in control of the lawsuit. Both parties have used the names interchangeably throughout their submissions before the Court. Both parties agree that the Crestview Center is a subsidiary of Genesis Health Ventures, Inc. We conclude that this is exactly the kind of situation envisioned by the Third Circuit in *Bruszewski*. "[A] close or significant relationship between successive defendants" exists in this matter. Accordingly, Plaintiff's Complaint is barred by res judicata.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss will be granted.

An appropriate Order follows.

---

[2]We note that both Plaintiff's counsel and Defense counsel have argued inconsistently on this point. While Defense counsel argues that the Crestview Center and Genesis Health Ventures, Inc. are closely related in the instant Motion, in their Motion for Summary Judgment in Creely I, Defense counsel argued that the Crestview Center and Genesis Health Ventures, Inc. are not so interrelated that Plaintiff may pierce the corporate veil. (Doc. No. 29 at 21, 03-CV-0679.) Interestingly, both counsel invoke the doctrine of judicial estoppel, designed to "preserve the integrity of the judicial system by preventing parties from playing fast and loose with the courts in assuming inconsistent positions." *Motley v. N.J. State Police*, 196 F.3d 160, 163 (3d Cir. 1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CREELY, | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-2080 |
| | : | |
| CRESTVIEW CENTER | : | |

**ORDER**

AND NOW, this 7th day of September, 2005, upon consideration of Defendant Crestview Center's Motion to Dismiss (Doc. No. 3, 05-CV-2080), and all papers submitted in support thereof and in opposition thereto, it is ORDERED that Defendant's Motion is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE based upon res judicata grounds.

IT IS SO ORDERED.

BY THE COURT:


S:/R. Barclay Surrick, Judge