IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT CREELY                              :
                                           :        CIVIL ACTION
                                           :
        v.                                 :        NO. 05-CV-2080
                                           :
CRESTVIEW CENTER                           :


**SURRICK, J.**                                              **MAY 31, 2006**

## MEMORANDUM & ORDER

Presently before the Court are Defendant's Motion To Award Attorneys' Fees And Costs

(Doc. No. 7), Plaintiff's Memorandum Of Law In Opposition (Doc. No. 8), and Defendant's

Reply To Plaintiff's Response (Doc. No. 11).  For the following reasons, Defendant's Motion

will be granted in part and denied in part.

## I.    FACTUAL BACKGROUND

Plaintiff filed the instant Complaint on May 3, 2005.  (Doc. No. 1.)  The Complaint is

identical to the Complaint filed by Plaintiff on February 18, 2004, under Docket Number 04-CV-

0679, except that the Defendant here is Crestview Center ("Crestview"), while the Defendant in

Docket No. 04-CV-0679 is Genesis Health Ventures, Inc. ("Genesis").  (*Compare* Doc. No. 1,

05-CV-2080 *with* Doc. No. 1, 04-CV-0679.)[1]  Both cases arise out of the same job interview.

Plaintiff, a Caucasian, contended that he was subjected to reverse race discrimination in the

interview process.  (Doc. No. 1.)  Plaintiff asserted that on May 15, 2003, he submitted an

employment application to Defendant's Crestview facility (*Id.* ¶ 17) and that he was

---

[1] As the parties do in their submissions, we will refer to *Creely v. Genesis Health
Ventures, Inc.*, 04-CV-0679, as "Creely I" and *Creely v. Crestview Center*, 05-CV-2080, as
"Creely II."

discriminated against by his interviewer, Marvin Kirkland, who is African-American.  (*Id*. ¶¶ 19-20.)

In Creely I, Defendant filed a Motion for Summary Judgment on March 1, 2005.  (Doc. No. 29, 04-CV-0679).  In that Motion, Defendant argued that summary judgment was proper because Plaintiff had failed to make out a prima facie case and had failed to overcome Defendant's legitimate nondiscriminatory reason for failing to hire him.  Defendant also argued that Genesis was merely the parent company of Crestview, the institution that actually made the employment decision, and that as the parent corporation, it was not liable for the employment decisions of its wholly owned subsidiary.  As a result of this second argument, on May 3, 2005, Plaintiff filed a new Complaint against Crestview, containing the exact same allegations as he had originally raised against Genesis.  (Doc. No. 1, 05-CV-2080.)  Presumably, Plaintiff filed this second Complaint in order to insure that he had sued the appropriate party.  We granted summary judgment in Creely I in favor of Defendant Genesis on May 26, 2005, concluding that Plaintiff's circumstantial evidence did not undermine the credibility of Defendant's stated legitimate, non-discriminatory reason for choosing not to hire Plaintiff.  *Creely v. Genesis Health Ventures, Inc.*, Civ. A. No. 04-CV-0679, 2005 U.S. Dist. LEXIS 10223, at *26 (E.D. Pa. May 26, 2005).  Because we based our decision on the merits of Plaintiff's claim, we did not address Defendant Genesis's argument regarding its parent company status.

On June 20, 2005, Defendant Crestview filed a Motion to Dismiss, arguing that Plaintiff's Complaint in Creely II should be dismissed on grounds of res judicata.  (Doc. No. 3, 05-CV-2080.)  Plaintiff opposed this Motion filing a Response on July 5, 2005, which argued that while Plaintiff agreed that his claim should be dismissed, he sought dismissal on summary

judgment grounds based on the holding in Creely I and not based on res judicata. Plaintiff

sought this resolution so that he could consolidate the cases on appeal. Defendant filed a Reply

to Plaintiff's Response, arguing that Plaintiff's request was improper and that dismissal based on

res judicata grounds was appropriate. On September 7, 2005, we granted the Motion to Dismiss,

concluding that Plaintiff's Complaint in Creely II was barred by res judicata.

Defendant has filed this Motion for attorneys' fees, arguing that Plaintiff's Complaint in

Creely II lacked merit and that Plaintiff continued to litigate what became a frivolous action in

Creely II when the Court granted summary judgment on the same complaint in Creely I.

Defendant contends that Plaintiff, under 42 U.S.C. § 1988, or alternatively, Plaintiff's counsel,

under 28 U.S.C. § 1927, should pay Defendant's attorneys' fees for forcing litigation of a

frivolous case. Defendant seeks attorneys' fees in the amount of approximately $10,000. (Doc.

No. 7.) Plaintiff responded to this Motion by filing a brief which is identical to the brief he filed

in Creely I, where Defendant had also sought attorneys' fees as the prevailing party.[2] Thus,

Plaintiff has failed to respond to any of the arguments that Defendant makes with regard to

Creely II and the specific circumstances of the Motion for attorneys' fees in this case.

## II.      LEGAL STANDARD

Section 1988 provides for the award of attorneys' fees for the prevailing party in suits

brought under sections 1981, 1981a, 1982, 1983, 1985, and 1986 of Title 42, among other

statutes. 42 U.S.C. § 1988. The United States Supreme Court in *Christiansburg Garment Co. v.*

*EEOC*, 434 U.S. 412 (1978), held that courts may award attorneys' fees to a prevailing defendant

---

[2] In Creely I, we denied Defendant's Motion for attorneys' fees, concluding that while Defendant prevailed, Plaintiff's claim in that case was not so frivolous as to warrant award of attorneys' fees to the prevailing Defendant. (Doc. No. 69, 04-CV-0679.)

in a Title VII action if the court finds that "the plaintiff's action was frivolous, unreasonable, or

without foundation, even though not brought in subjective bad faith." *Id.* at 421; *see also Brown*

*v. Borough of Chambersburg*, 903 F.2d 274, 277 n.1 (3d Cir. 1990) ("The standards for assessing

attorneys' fees under § 1988 and 42 U.S.C. § 2000e-5(k) of Title VII of the Civil Rights Act of

1964 are identical.").  The Court emphasized that attorneys' fees should not be awarded against

plaintiffs merely because they do not finally prevail since such an award would "substantially

add to the risks adhering in most litigation and would undercut the efforts of Congress to

promote the vigorous enforcement of [civil rights laws]." *Id.* at 422.  The Court of Appeals for

the Third Circuit similarly stated that

> while a liberal fees standard should be used for those parties whose suits
> Congress wished to encourage, and who needed this encouragement to bring the
> suits, a stricter standard was appropriate for defendants, who needed no
> encouragement to defend suits against them and who were not vindicating an
> important public policy.

*EEOC v. L.B. Foster Co.*, 123 F.3d 746, 750 (3d Cir. 1997) (quoting *Dorn's Transp., Inc. v.*

*Teamsters Pension Trust Fund*, 799 F.2d 45, 49 (3d Cir. 1986)).  In determining whether the

plaintiff's claim is frivolous, the Third Circuit has indicated that courts should consider:  "(1)

whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle;

and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the

merits." *Id.* at 751 (quoting *Sullivan v. School Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1985)).  The

court in *L.B. Foster* cautioned that these factors are only "guideposts" and that "determinations

of frivolity are to be made on a case-by-case basis." *Id.* (quoting *Sullivan*, 773 F.2d at 1189).

   In addition to § 1988's allowance of attorneys' fees for prevailing parties, 28 U.S.C. §

1927 provides for awards of costs, expenses, and fees against attorneys who file or pursue

frivolous suits.  Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United
> States or any Territory thereof who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy personally
> the excess costs, expenses, and attorneys' fees reasonably incurred because of
> such conduct.

28 U.S.C. § 1927.  This section provides for an award of attorneys' fees and costs as a means of

sanctioning an "offending attorney" and should not be imposed on his or her client.  *Boykin v.*

*Bloomsburg Univ. of Pa.*, 905 F. Supp. 1335, 1346 (M.D. Pa. 1995).  While a finding of bad faith

is generally a prerequisite to imposing § 1927 sanctions, courts can impose sanctions if "the

'plaintiff's actions [were] frivolous, unreasonable, or without foundation, even though not

brought in subjective bad faith.'" *Id.* (quoting *Ford v. Temple Hosp.*, 790 F.2d 342, 350 (3d Cir.

1986)).  Moreover, "[t]he Court of Appeals for the Third Circuit has stated that the 'intentional

advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or

delay' may be indicative of bad faith."  *Id.* (quoting *Ford*, 790 F.2d at 347).  It is clear also that

even if a claim was initially filed in good faith, sanctions may be appropriate when an attorney

pursues a claim that has become frivolous in the course of the litigation.  *Id.* at 1347; *see also*

*Christiansburg*, 434 U.S. at 422 ("[A] plaintiff should not be assessed his opponent's attorney's

fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the

plaintiff continued to litigate after it clearly became so.").  Finally, the power to impose

sanctions under § 1927 is "a power which courts should exercise only in instances of a serious

and studied disregard for the orderly process of justice."  *Ford*, 790 F.2d at 347 (internal

quotations and citations omitted).

## III.   LEGAL ANALYSIS

Defendant argues both that Plaintiff's original claim was frivolous and that in failing to dismiss the Complaint after summary judgment was granted in Creely I, Plaintiff unreasonably prolonged what became a frivolous suit.  We have already concluded that Plaintiff's original Complaint in Creely I was not so frivolous as to warrant imposition of attorneys' fees on Plaintiff under 42 U.S.C. § 1988.  (Doc. No. 69, 04-CV-0679.)  The same, of course, is true of the identical Complaint in Creely II.

However, the same cannot be said of the course of action taken by Plaintiff's attorneys in Creely II.  Plaintiff's attorneys not only failed to dismiss the Creely II Complaint after summary judgment was granted in Creely I on the identical Complaint, they went so far as to file a brief opposing dismissal on the grounds of res judicata.  They argued instead that the Court should dismiss Creely II by granting summary judgment based on its finding in Creely I.  Plaintiff's counsel offered no case law in support of this argument for summary judgment and used their entire brief to argue against a dismissal on res judicata grounds.  In addition, Plaintiff's counsel has failed to make any effort to respond to the instant Motion for attorneys' fees, instead filing the same brief opposing counsel fees that they had filed in Creely I, despite the fact that the instant Motion is remarkably different from that filed in Creely I and seeks approximately $10,000, as opposed to the $150,000 sought in Creely I.  Considering the fact that the instant Motion argues for sanctions specifically against Plaintiff's attorneys under § 1927, the failure of Plaintiff's counsel to respond is particularly troubling.

We are satisfied that the continued litigation of Creely II in the face of this Court's grant of summary judgment on the identical Complaint in Creely I evidences bad faith on the part of

Plaintiff's attorneys. *See Loftus v. SEPTA*, 8 F. Supp. 2d 458, 461 (E.D. Pa. 1998) ("When a

claim is advocated despite the fact that it is patently frivolous or where a litigant continues to

pursue a claim in the face of an irrebuttable defense, bad faith can be implied.").  While the

original Complaint may have been filed in good faith, § 1927 sanctions are appropriate in this

instance for costs and fees incurred by Defendant in filing its Motion to Dismiss and in replying

to Plaintiff's frivolous Response to that Motion.[3]  As the court in *Boykin* explained, "[u]nder §

1927, even if a lawsuit was initially filed in good faith, sanctions may be imposed on an attorney

for all costs and fees incurred after the continuation of the suit which is deemed to be in bad

faith." *Boykin*, 905 F. Supp. at 1347 (citing *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750

(7th Cir.1988)).

     "In § 1927 cases, district courts are granted wide discretion in ascertaining an appropriate

sanction." *Loftus*, 8 F. Supp. 2d at 463.  Courts are not required to impose the amount of fees

incurred by a defendant and must only impose a sanction that will "achieve the public policy

objectives underlying the statute." *Id.* at 464.  As a result, despite our conclusion that sanctions

are appropriate in this case, we are not convinced that Defendant is entitled to anywhere near the

approximately $10,000 it seeks.  First, Defendant, despite stating in its Motion that it "has

accumulated approximately $10,000.00 in attorneys' fees and costs as a result of litigating this

case" (Doc. No. 7 at 1), offers no explanation whatsoever as to how it reached this figure.  This

failure to provide the Court with documentation and an accounting of its fees and expenses

---

[3] The due process requirements of notice and an opportunity to be heard have been
afforded Plaintiff's counsel in this case.  The Motion for attorneys' fees filed by Defendant
explicitly requested sanctions under § 1927, and Plaintiff's counsel had an opportunity to present
evidence and argue against it in its Response to this Motion. *See Loftus*, 8 F. Supp. 2d at 461
n.5.

militates in favor of a greatly reduced sanction under § 1927.  Second, as previously stated, we

do not consider the original Complaint in Creely II to be frivolous and impose sanctions only

because Plaintiff's counsel continued the litigation after the Creely I summary judgment

decision.  Thus, any sanctions should only cover attorneys' fees incurred by Defendant in

drafting the Motion to Dismiss and the reply to Plaintiff's response to this Motion.  Even without

an accounting, we are convinced that this amount would not equal anything close to $10,000.

Finally, because this case was brought pursuant to 42 U.S.C. § 1981, we consider the chilling

effect that a large award could have on "other civil rights counsel who may prematurely abandon

meritorious but novel claims" because of a fear of such sanctions.  *Id.*  Balancing all of these

factors, we exercise our discretion and impose a sanction of $1,500 to be paid by Plaintiff's

counsel to Defendant Crestview to compensate for attorneys' fees incurred in litigating this case.

*See id.* (imposing sanction of $4,000 under § 1927 after balancing of factors and consideration of

Defendant's request for over $23,000).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT CREELY                               :
                                            :          CIVIL ACTION
                                            :
          v.                                :          NO. 05-CV-2080
                                            :
CRESTVIEW CENTER                            :

**ORDER**

AND NOW, this 31st day of May, 2006, upon consideration of Defendant's Motion To

Award Attorneys' Fees And Costs (Doc. No. 7), Plaintiff's Memorandum Of Law In Opposition

(Doc. No. 8), and Defendant's Reply To Plaintiff's Response (Doc. No. 11), it is ORDERED that

the Motion is GRANTED in part and DENIED in part.  Plaintiff's counsel, Ari Risson Karpf,

Esq. and Timothy M. Kolman, Esq. shall pay Defendant Crestview Center $1,500 to compensate

for attorneys' fees incurred in this case.  It is further ORDERED that payment shall be made

within ten days of the date of this Order.

          IT IS SO ORDERED.


                                        BY THE COURT:

                                        /s R. Barclay Surrick

                                        _____

                                        R. Barclay Surrick, Judge